UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THELMA JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-820-JWD-SDJ** |
| **SOUTHERN UNIVERSITY A&M COLLEGE** | |

## ORDER

Before the Court are Defendant Southern University A&M College Board of Supervisor's Motion to Set Aside Entry of Default Pursuant to F.R.C.P. 55 ("Motion") (R. Doc. 11), which is opposed by *pro se* Plaintiff Thelma Jackson (R. Doc. 13), and Motion for Leave of Court to File Pleading (R. Doc. 14). For the reasons set forth below, Defendant's Motions are granted. The entry of default against Defendant will be set aside, and Defendant's Answer and Defenses (R. Doc. 14-2) will be filed in the record.

### I. BACKGROUND

On November 26, 2019, Plaintiff, a student at Southern University A&M College ("Southern"), filed suit against Southern, raising, among other things, issues of alleged financial aid mismanagement and Plaintiff's graduation status.[1] Subsequently, on February 7, 2020, Plaintiff filed a motion seeking an entry of default[2] against Southern for its failure to respond to her Complaint. (R. Doc. 7). On February 11, 2020, this Court, noting that "[s]ervice having been

---

[1] R. Doc. 1.

[2] In her motion, Plaintiff simply states, "Motion for Default Judgment." This Court, correctly, treated it as a request for default entry only. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.") (emphasis in original); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (district court's initial order granting a motion for default judgment properly treated as entry of default, pursuant to Rule 55).

executed on Southern University A&M College on January 16, 2002, and no answer, claim or other responsive pleadings having been filed," entered an Entry of Default against Southern. (R. Doc. 8).

In response to the Entry of Default against it, on February 20, 2020, Southern filed its Motion to have that entry set aside. (R. Doc. 11). Plaintiff, in turn, filed an opposition to Southern's Motion, received by the Court on March 3, 2020. (R Doc. 13). The following day, Southern filed a Motion for Leave to File an Answer (R. Doc. 14), still pending before this Court, which is addressed below.

## II. MOTION TO SET ASIDE ENTRY OF DEFAULT

### A. Law and Analysis

According to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c); *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "The decision to set aside a default decree lies within the sound discretion of the district court." *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted). However, courts "universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (quoting *Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954)). In addition, motions to set aside a default are more readily granted than motions to set aside a default judgment. *Id.* at 184; *One Parcel*, 763 F.2d at 183 ("Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.") (citations omitted).

In determining whether to set aside a default decree, the Fifth Circuit has set forth the following three (3) factors to consider: (1) whether the default was willful, (2) whether setting the

default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Dierschke*, 975 F.2d at 183 (citing *One Parcel*, 763 F.2d at 183). These factors, however, are not exclusive, and courts have relied on additional factors in determining whether to set aside a default, including whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Id.* at 184 (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* The Court applies each of the factors listed in turn to determine whether "good cause" exists to set aside the entry of default against Southern.

### 1. Whether the default was willful

The first factor to consider is whether Defendant was willful in failing to timely respond to Plaintiff's Complaint. No evidence of willful behavior is present here. According to Southern, upon receipt of service, Southern immediately provided Plaintiff's Complaint to the Attorney General's Office, which was not separately served, to request that counsel be appointed.[3] The Attorney General's Office has not yet assigned counsel. In her Opposition, while noting defense counsel's late entry into the case, Plaintiff does not assert any willful action by Southern in its default  Rather, she states that Southern could have requested an extension of time and that "Southern University['s] actions prove before the courts the recklessness and complete disregard for state laws, federal laws, and moral integrity."[4]

In recognizing the ambiguousness of the term "willful," courts "have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson v. Dayton Elec. Mfg.*

---

[3] R. Doc. 11-1 at 3.
[4] R. Doc. 13 at 1-2.

*Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The *Johnson* court found the plaintiff there "guilty of only a marginal failure" where its action "was not contumacious, it did not exhibit an intentional flouting or disregard of the court and its procedures, and it only briefly delayed the litigation." *Id.* at 785. The same applies here. There is no indication that Southern acted willfully to defy this Court's guidelines; rather, it quickly sought counsel through what it considered to be the proper channels, i.e., the Attorney General's Office. Additionally, only a brief delay in litigation has occurred. As such, the Court finds that this factor weighs in favor of setting aside default.

### 2. Whether setting aside the default would prejudice Plaintiff

The next factor to consider is whether Plaintiff will be prejudiced if the default against Southern is set aside. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Thus, forcing Plaintiff to adjudicate her claims on the merits does not constitute prejudice, nor does the brief delay in litigation caused by Southern's failure to timely respond. Plaintiff, in her Opposition, does not specify any prejudice she may suffer as a result of having the default against Southern set aside, stating simply that setting aside the default would be of great prejudice and disregard of her "civil, human, and ethical rights."[5] Because Plaintiff has shown no potential prejudice, this factor also weighs in favor of setting aside the default against Southern.

### 3. Whether a meritorious defense is presented

Whether Southern has presented a meritorious defense to Plaintiff's allegations is the next factor to consider in determining whether to set aside the entry of default. As argued by Southern, this Court does not have jurisdiction over State claims against a State agency for monetary damages under the Eleventh Amendment.[6] A court must have personal and subject-matter

---

[5] R. Doc. 13 at 4.
[6] R. Doc. 11-1 at 3.

jurisdiction over a defendant in order to enter a default judgment. *Patray v. Northwest Publ'g., Inc.*, 931 F.Supp. 865, 869 (S.D. Ga. 1996) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Prac. & Proc.* Civil 2d § 2682 at 407). Because Southern is challenging this Court's jurisdiction over at least some of Plaintiff's claims against, this Court considers this a meritorious defense and finds this factor weighs in favor of setting aside the default.

### 4. Additional factors to consider

While the three primary factors to consider in determining whether "good cause" exists to set aside an entry of default all weigh in favor of setting the one here at issue aside, some courts have applied additional factors in their analyses of "good cause." As stated above, these are whether the public interest is implicated, whether there is a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Dierschke*, 975 F.2d at 184 (citations omitted).

With regard to the implication of a public interest in this case, the Court finds that none is implicated. This case appears to very specifically pertain to issues experienced only by Plaintiff at Southern. Similarly, the Court does not find that Southern has suffered a significant financial loss to date as result of this entry of default, and none has been alleged by either party. These two factors, therefore, weigh slightly against setting aside the entry of default. However, the Court does find that Defendant acted expeditiously to correct the default, filing the instant Motion nine (9) days after being notified of the Entry of Default. In addition, on March 4, 2020, Defendants filed a motion for leave to file an answer to Plaintiff's Complaint.

Having applied the foregoing factors, the great majority of which weigh in Southern's favor, the Court finds good cause exists for setting aside the Entry of Default against Southern.

### III. DEFENDANTS' MOTION FOR LEAVE TO FILE A PLEADING

Also pending before the Court is Southern's Motion for Leave of Court to File Pleading (R. Doc. 14), in which Southern seeks to have its attached Answer and Defenses (R. Doc. 14-2) filed in the record. In light of this Court's determination that the entry of default against Southern should be set aside, Southern's motion should be granted and its Answer filed in the record.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Set Aside Entry of Default Pursuant to F.R.C.P. 55 (R. Doc. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File an Answer (R. Doc. 14) is **GRANTED** and that Defendants' Answer and Defenses (R. Doc. 14-2) be filed in the record by the Clerk of Court.

Signed in Baton Rouge, Louisiana, on July 14, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**