**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THELMA JACKSON**                                                                 **CIVIL ACTION**

**VERSUS**

**NO. 19-820-JWD-SDJ**

**SOUTHERN UNIVERSITY A&M COLLEGE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 15, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THELMA JACKSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **SOUTHERN UNIVERSITY A&M COLLEGE** | **NO. 19-820-JWD-SDJ** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a "Motion for Permanent Restraining Order" filed by *pro se* Plaintiff Thelma Jackson on February 7, 2020 (R. Doc. 7). No opposition to this Motion has been filed.

**I.     BACKGROUND**

On November 26, 2019, Plaintiff, a student at Southern University A&M College ("Southern"), filed suit against Southern, raising, among other things, issues of alleged financial aid mismanagement and adverse impacts on Plaintiff's graduation status.[1] Subsequently, on February 7, 2020, Plaintiff filed a motion seeking an entry of default against Southern for its failure to respond to her Complaint (R. Doc. 7). On February 11, 2020, this Court entered an Entry of Default against Southern (R. Doc. 8). By Order dated July 14, 2020, this Court subsequently set aside that Entry of Default and allowed Southern to file its Answer (R. Doc. 19).

In her motion seeking an entry of default against Southern, Plaintiff also seeks a "Motion for Permanent restraining order for Southern University student [sic], employees, alumni, and anybody affiliated with this school."[2] No additional information about the particular injunctive relief being sought is provided.

---

[1] *See* R. Doc. 1.
[2] R. Doc. 7 at 2.

## II.    LAW AND ANALYSIS

In her Motion, Plaintiff seeks a "permanent restraining order." Because Plaintiff does not provide additional information about the relief being sought, the Court will analyze Plaintiff's request both as one requesting a temporary restraining order or preliminary injunction and as one requesting a permanent injunction.

### A.    Temporary Restraining Order or Preliminary Injunction

"Both temporary restraining orders and preliminary injunctions are governed by Fed. R. Civ. P. 65." *Doe v. Rivera*, No. 19-151, 2020 WL 5101963, at *1 (N.D. Miss. Aug. 28, 2020). While the same criteria govern the issuance of both, "the purpose and form of relief differ for each." 21*Id.* "The purpose of a preliminary injunction is to preserve the status quo during the course of litigation until the court can hold a trial on the matter." *Id.* (citing Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary; *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)). For a preliminary injunction, "the court must provide notice to all parties and give them a chance to be heard," and once issued, a preliminary injunction remains in effect "until the court grants final relief or otherwise modifies the order." *Id.* (citing Fed. R. Civ. P. 65(a)(1); Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary).

"Similarly, the purpose of a temporary retraining order is to preserve the status quo and prevent irreparable harm, but only until the court can hold an adversarial hearing for a preliminary injunction." *Id.* (citing Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39, 94 S.Ct. 1113 (1974)). Temporary restraining orders may be granted *ex parte*, but usually last only for 14

days and are disfavored and seldom granted. *Id.* (citing Fed. R. Civ P. 65(b)(2); Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary).

A party must prove the following four elements to be entitled to either a preliminary injunction or a temporary restraining order: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer immediate and irreparable harm if the temporary restraining order or injunction does not issue; (3) that the threatened harm to the movant outweighs any injury or damage the temporary restraining order or preliminary injunction may cause to the defendant; and (4) that the granting of the temporary restraining order or preliminary injunction will not disserve the public interest. *Rockwell v. Delany*, No. 19-102, 2019 WL 2745754, at *2 (W.D. Tex. Apr. 16, 2019) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)). "The movant must prove *all* four elements." *Payne v. Sutterfield*, No. 17-211, 2020 WL 5237747, at *4 (N.D. Tex. Sept. 2, 2020) (citing *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe I v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018)) (emphasis in original). "Preliminary injunctions and temporary restraining orders are extraordinary remedies, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Rivera*, 2020 WL 5101963, at *2 (internal citation omitted) (citing *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994)). Determining whether to grant a temporary restraining order "is within the sound discretion of the district court." *Rockwell*, 2019 WL 2745754, at *2 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

Here, Plaintiff has wholly failed to demonstrate a substantial likelihood of success on the merits of her claims. Plaintiff has made a myriad of convoluted allegations against Southern, primarily with regard to financial aid mismanagement, Plaintiff's graduation status, and Southern's

perceived failure to provide her legal representation in a personal matter involving the alleged kidnapping of her son.[3] Although Plaintiff makes certain "Demands," primarily with regard to completing her degree at Southern and having her financial aid amounts corrected and/or forgiven,[4] Plaintiff has provided no evidence or other information to indicate that she is entitled to the relief she seeks and, therefore, has a "substantial likelihood of success" on the merits of her claims. For example, attached to Plaintiff's Motion are account summaries for each term she attended Southern, with the Fall 2019 and Spring 2020 reflecting balances owed, but there is no evidence or other information to indicate these amounts are in any way inaccurate.[5] Thus, Plaintiff has not carried her burden of showing a substantial likelihood that she will succeed on the merits of her case.

Plaintiff also does not discuss how she will suffer irreparable injury if the temporary retraining order or preliminary injunction is not issued. Plaintiff makes conclusory allegations against Southern in her Motion, including, for example, dropping her from full-time status to part-time, charging her certain amounts of money, and claiming that campus gives her anxiety and she does not feel safe there.[6] However, it is unclear to the Court exactly what conduct she is trying to stop, particularly in light of the fact that she is seeking relief against anyone affiliated with Southern in any way, which is exceedingly broad. In her Complaints, the relief Plaintiff requests includes requesting "reasonable accommodations" so that she can graduate from Southern and requesting that her fee and loan amounts be corrected as well as that her loans be forgiven.[7] The Court does not know what action Plaintiff seeks to enjoin all people affiliated with Southern from

---

[3] R. Doc. 1 at 1-3.
[4] *Id.* at 4.
[5] R. Doc. 7-1 at 2-7. Plaintiff also attaches what appears to be her class schedule, but it is illegible.
[6] R. Doc. 7 at 1-2.
[7] R. Doc. 1 at 4.

doing so that Plaintiff can graduate and have any alleged mistakes in her financial record corrected. As such, even held to less stringent standards in light of Plaintiff's *pro se* status,[8] Plaintiff's allegations fail to prove the elements required for the issuance of either a temporary retraining order or preliminary injunction.

### B.    Permanent Injunction

To obtain a permanent injunction, "a plaintiff must demonstrate: (1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)). However, a permanent injunction is generally only granted where a full trial on the merits has occurred. *Id.* (citing *Camenisch*, 451 U.S. at 396); *see also Fund For La.'s Future v. La. Bd. of Ethics*, 17 F.Supp.3d 562, 568 (E.D. La. 2014) (a permanent injunction generally is only granted where a full trial on the merits has occurred or where the party seeking injunctive relief otherwise has demonstrated entitlement to judgment as a matter of law).

Here, any request for a permanent injunction is premature, as a trial on the merits has not taken place. As such, a permanent injunction is not an available remedy to Plaintiff.

---

[8] *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Permanent Restraining Order (R. Doc. 7) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 15, 2020.

*[Signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**